IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
JUNIOUS J. WIGGINS and          : Bk. No. 1-02-05942
LULA MAE WIGGINS,
          Debtors              :


JUNIOUS L. WIGGINS, and         :
LULA MAE WIGGINS,
          Appellants            :

          vs.                   : CIVIL NO. 1:CV-05-2628

LAWRENCE G, FRANK, Esquire      :
Chapter 7 Trustee,
          Appellee              :


*M E M O R A N D U M*

I.   *Introduction*.

   The United States trustee filed an appeal from the order of the bankruptcy court entered on November 1, 2005.  That order sustained in part and overruled in part the trustee's objections to the debtors' claim of exemption for certain assets.  The debtors filed a cross-appeal, listing in their notice of appeal a bankruptcy court order of March 28, 2005, which ruled that the trustee's objections were timely, and the order of November 1, 2005, which dealt with the merits of the objections.

We are considering the trustee's motion to strike the debtors' cross-appeal of the March 28 order.[1] The trustee argues that the order was a final one, thus making the debtors' appeal of the order untimely since the appeal should have been filed within ten days of March 28, 2005. In opposition, the debtors argue that the order was interlocutory and could not have been appealed until the bankruptcy court issued a ruling on the merits of the objections. We agree with the debtors.

II.   *Discussion*.

As relevant here, district courts have jurisdiction over appeals from final orders of the bankruptcy court. See 28 U.S.C. § 158(a)(1).[2] The appeal must be taken within ten days of the entry of the order. *See* Bank. Rules 8001, 8002(a).

Because of the complexity and protracted nature of bankruptcy litigation, the Third Circuit has permitted "a more pragmatic and less technical" approach to finality in bankruptcy cases to permit "appellate review of orders which in other contexts might be considered interlocutory." *In re Amatex*

---

[1] In that order, the bankruptcy court allowed the trustee to file objections after the case had been converted from Chapter 13 to Chapter 7, rejecting the debtors' argument that the trustee had forfeited that right by not filing objections while the case was still a Chapter 13 proceeding.

[2] Section 158(a) also permits appeals from interlocutory orders in certain circumstances.

2

*Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985).  The factors that have been considered in determining finality are "the impact of the matter on the assets of the bankruptcy estate, the preclusive effect of a decision on the merits, and whether the interests of judicial economy would be furthered."  *F/S Airlease II Inc. v. Simon*, 844 F.2d 99, 104 (3d Cir. 1988)(citing *Southeastern Sprinkler Co. v. Meyertech Corp. (In re Meyertech Corp.)*, 831 F.2d 410, 414 (3d Cir. 1987)).  *See also Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 37 (3d Cir. 1993).

  In this case, none of these factors supports the conclusion that the order of March 28, 2005, was final.  The order had no impact on the assets of the estate; it merely conferred standing on the trustee to assert his objections.  Second, for the same reason the order had no preclusive effect.  Finally, and most importantly, judicial economy is not furthered by characterizing the order as final rather than interlocutory.  At the time it was entered, the bankruptcy court had not yet ruled on the merits of the trustee's objections.  An appeal by the debtors at that time would have wasted time and resources.  If the bankruptcy court had later ruled against the trustee on the merits completely, the debtors would not have had to have

appealed the issue of the timeliness of the objections.[3] Of course, the debtors have appealed the ruling in that regard, but only in response to the trustee's appeal of the order dealing with the merits of the objections.

The trustee argues that a bankruptcy-court order is final "if it: finally determines the discrete issue to which it is addressed, and (2) resolves and seriously affects substantive rights," citing *Duckor Spradling & Metzger v. Baum Trust* (*In re P.R.T.C., Inc.*), 177 F.3d 774, 780 (9th Cir. 1999)(quoted case and internal quotation marks omitted). Even if we applied this Ninth Circuit standard here, it does not assist the trustee. At the very least, the March 28, 2005, order does not satisfy the second part of the standard. The order did not resolve or seriously affect substantive rights; it merely recognized that the trustee could argue against the merits of certain exemptions claimed by the debtors.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 6, 2006

---

[3] In part, the trustee argues for finality because if the order of March 28, 2005, had been in the debtors' favor, the matter would have concluded at that time. But we have to deal with the order as it was actually entered, not with its hypothetical opposite.

4

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


IN RE:
JUNIOUS J. WIGGINS and        : Bk. No. 1-02-05942
LULA MAE WIGGINS,
         Debtors              :


JUNIOUS L. WIGGINS, and       :
LULA MAE WIGGINS,
         Appellants           :

         vs.                  : CIVIL NO. 1:CV-05-2628

LAWRENCE G, FRANK, Esquire    :
Chapter 7 Trustee,
         Appellee             :
```

### O R D E R

AND NOW, this 6th day of February, 2006, it is ordered that the trustee's motion (doc. 3) to strike the debtors' cross-appeal of the March 28 order is denied.

```
                                 /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge
```