IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
IN RE:
JUNIOUS J. WIGGINS and          : Bk. No. 1-02-05942
LULA MAE WIGGINS,
         Debtors                :


JUNIOUS L. WIGGINS, and         :
LULA MAE WIGGINS,
         Appellants             :

         vs.                    : CIVIL NO. 1:CV-05-2628

LAWRENCE G, FRANK, Esquire      :
Chapter 7 Trustee,
         Appellee               :
```

*M E M O R A N D U M*

I.   *Introduction*.

Before the court is an appeal by Junious L. Wiggins and Lula Mae Wiggins, the Debtors, from the March 28, 2005, order of the bankruptcy court. That order permitted the Chapter 7 Trustee a new thirty-day period to object to Debtors' exemptions after Debtors had converted their Chapter 13 case to a Chapter 7 one. The question presented is whether bankruptcy law gives the Chapter 7 Trustee the right to do so when the Chapter 13 trustee had allowed the thirty-day period to lapse without filing objections.

II.   *Jurisdiction and Standard of Review*.

We have jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a).  The appeal presents a purely legal issue, so our standard of review is plenary.  *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir. 1999).

III.  *Background*.

On October 30, 2002, Debtors filed a Chapter 13 Petition, and on December 30, 2002, their Chapter 13 plan was confirmed.  On February 17, 2004, Debtors converted their case to a Chapter 7 one.  On April 6, 2004, the Chapter 7 Trustee filed objections to Debtors' exemptions, objections Debtors admit were timely if a Chapter 7 trustee is entitled to a new thirty-day period for filing objections in a converted case.

In their response to the objections, Debtors argued that the Chapter 7 Trustee's objections were untimely because the Chapter 13 Trustee should have filed the objections and there was no opportunity for the Chapter 7 Trustee to do so.  On March 28, 2005, the bankruptcy court rejected Debtors' argument.  A hearing was held on the merits of the Trustee's objections, and on November 1, 2005, the bankruptcy court overruled all of the Trustee's objections except to the extent of $8,408.42 of Debtors' property.

IV.   *Discussion*.

There is a split of authority on whether conversion restarts the thirty-day period in which objections to a debtor's exemptions may be made. Some courts hold that there is no authority for allowing a Chapter 7 trustee in a converted case to file objections, that the time period for doing so expires when the Chapter 13 trustee fails to file objections. *See, e.g., In re Bell*, 225 F.3d 203 (2d Cir. 2000)[1]; *In re Rogers,* 278 B.R. 201 (Bankr. D. Nev. 2002); *In re Beshirs,* 236 B.R. 42 (Bankr. D. Kan. 1999); *In re Page*, 240 B.R. 548 (W.D. Mich. 1999); *In re Ferretti*, 230 B.R. 883 (Bankr. S.D. Fla. 1999); *In re Brown*, 178 B.R. 722 (Bankr. E.D. Tenn. 1995). Other courts hold that the Chapter 7 trustee may file objections, that the time period for doing so restarts after conversion. *See, e.g., In re Campbell*, 313 B.R. 313 (B.A.P. 10th Cir. 2004); *In re Hopkins*, 317 B.R. 726 (Bankr. E.D. Mich. 2004); *In re Mims*, 249 B.R. 378 (Bankr. D.N.J. 2000); *Weissman v. Carr*, 173 B.R. 235 (M.D. Fla. 1994). *See also In re Wolf*, 244 B.R. 754 (Bank. E.D. Mich. 2000)(conversion of Chapter 11 to Chapter 7); *In re Alexander*, 236 F.3d 431, 432 (8th Cir. 2001)(Chapter 7 trustee's objections timely, although court noted that Chapter 13 trustee had also filed objections).

---

[1] We note, however, that the court in *Bell* limited its holding to a conversion from a Chapter 11 case to a Chapter 7 one.  225 F.3d at 218.

3

The analysis centers on the interpretation and interplay of the following statutory provisions and rules, which provide as follows. The commencement of a case under Chapter 13 constitutes an order for relief. *See* 11 U.S.C. § 301 ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."). Under 11 U.S.C. § 341(a), the United States trustee must convene a meeting of creditors "[w]ithin a reasonable time after the order for relief" is entered. Fed. R. Bank. P. 2003(a) specifies for a Chapter 13 case that the meeting must take place "no fewer than 20 and no more than 50 days after the order for relief."

The conversion of a case from Chapter 13 to Chapter 7 also "constitutes an order for relief under the chapter to which the case is converted," 11 U.S.C. § 348(a), but as relevant here, the conversion "does not effect a change in the date of . . . the order for relief." *Id.* In pertinent part, Fed. R. Bank. P. 1019(2) provides that in a case converted from Chapter 13 to Chapter 7, there will be a new time period for filing the following: (1) a claim pursuant to Fed. R. Bank. P. 3002, (2) a complaint objecting to discharge pursuant to Fed. R. Bank. P. 4004, and (3) a complaint to obtain a determination of dischargeability of any debt pursuant to Fed. R. Bank. P. 4007.[2]

---

[2] In relevant part, Rule 1019(2) provides as follows:

4

When debtors petition for bankruptcy, they are entitled to claim certain property as exempt from the bankruptcy estate. 11 U.S.C. § 522(b)(1). "Unless a party in interest objects, the property claimed as exempt . . . is exempt." 11 U.S.C. § 522(*l*). Fed. R. Bank. P. 4003(b) sets the time period for objecting. In relevant part, a "party in interest may file an objection . . . "only within 30 days after the meeting of creditors held under § 341(a) is concluded . . . ."

The Debtors' argument that there can be no new time period for filing objections in a converted case begins with section 348(a), which provides that conversion "does not effect a change in the date of . . . the order for relief." Thus, Debtors argue the time frame for holding the United States trustee's section 341(a) meeting of creditors as set forth in Rule 2003(a) still runs from the date the Chapter 13 case was filed. In turn, this means that the deadline for filing objections to exemptions in Rule 4003(b) still runs from the date of the section 341(a) meeting of creditors in the Chapter 13 case, not the section 341(a) meeting of creditors in the Chapter 7 case. *See In re Bell, supra*, 225 F.3d at 211-12; *In re Rogers, supra*, 278 B.R. at

---

(2) New filing periods

A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007 . . . .

5

203.  It thus follows that any objections filed in the Chapter 7 case are untimely since the Rule 4003(b) thirty-day time period for filing objections still runs from the date of the section 341(a) meeting of creditors in the Chapter 13 case.  *See In re Bell, supra*, 225 F.3d at 211-12.

As further support, Debtors cite Rule 1019(2), which is silent on objections to exemptions, but restarts the time period in a Chapter 13 case converted to a Chapter 7 case for other filings: a claim under Rule 3002, a complaint objecting to discharge under Rule 4004, and a complaint to obtain a determination of dischargeability of a debt under Rule 4007. Debtors argue that the failure of Rule 1019(2) to restart the time period for exemption objections indicates that a Chapter 7 trustee in a converted case was not to have the opportunity to file objections.  *See In re Rogers, supra,* 278 B.R. at 203; *In re Ferretti, supra*, 230 B.R. at 891.

In rejecting this position, the bankruptcy court relied on the reasoning of *In re Hopkins, supra*, 317 B.R. 726.  That analysis begins with the recognition that under section 348(a) the conversion of a case from one chapter to another constitutes an order for relief, just as under section 301 a petition in bankruptcy is an order for relief.  Since the conversion is an order for relief, section 341(a) mandates that the United States

trustee hold a meeting of creditors in the converted case.[3]  Thus, there is a new period for filing objections because Rule 4003(b) allows thirty days "after the meeting of creditors under § 341(a)" to file them.  *In re Hopkins*, 317 B.R. at 730-31 (quoting *In re Bell, supra*, 225 F.3d at 223 (Moran, J., dissenting)).

Although not cited by the bankruptcy court, *Hopkins* also addresses Rule 1019(2)'s failure to deal with exemption objections.  In *Hopkins*, the court noted that the filings mentioned in Rule 1019(2) deal with rules that have materially different language from Rule 4003(b).  Rule 4003(b) talks about a thirty-day period "after *the* meeting of creditors under section 341(a)(emphasis added), while the rules mentioned in Rule 1019(2), Rules 3002, 4004 and 4007, talk about time periods running from the "first meeting of creditors."[4]  Since Rule 4003(b) does not limit the filing of objections to exemptions in that way, allowing them to be filed after *the* meeting of creditors, not just after the first meeting of creditors, the language of Rule 4003(b) would

---

[3] Even cases that do not recognize that the Chapter 7 trustee in a converted case has a new thirty-day period to file objections acknowledge that another section 341(a) meeting must take place. *See In re Ferretti, supra*, 230 B.R. at 887 ("Because an order of conversion constitutes an order for relief under the chapter to which the case is converted, Rule 2003(a) mandates the United States trustee to call a meeting of creditors.").

[4] Rules 3002(c), 4004(a) and 4007(c) refer to the "first date set for the meeting of creditors called under § 341(a)."

7

thus seem to have been sufficient to allow the filing of objections after conversion without having to affirmatively provide a new period for doing so.  On the other hand, for the filings mentioned in Rules 3002, 4004 and 4007, there would be a need to affirm a new filing period since the time period for those filings runs from the "first meeting of creditors," arguably the first section 341(a) meeting, the one held in the Chapter 13 case before conversion.  317 B.R. at 732 (citing *In re Havanec*, 175 B.R. 920, 924 (Bankr. N.D. Ohio 1994) and *In re de Kleinman,* 172 B.R. 764, 770 (Bankr. S.D.N.Y. 1994)).  In *In re Campbell, supra*, the court reached the same conclusion:

> Rule [1019(2)] does not deal with exemptions, and we do not find its silence on exemption objections to be more compelling than the express language of Bankruptcy Rule 4003(b). We agree with the statement that: "For all that appears the draftsmen of Rule 1019(2) might well have concluded that the language of Rule 4003(b) was sufficiently clear to assure that the trustee could object to claims following the conclusion of the Chapter 7 creditors meeting after the case had been converted."

*In re Campbell, supra*, 313 B.R. at 320 (quoting *In re Havanec*, *supra*, 175 B.R. at 924).

In *Campbell,* the court also discounted the significance of section 348(a)'s specifying that the conversion "does not effect a change in the date of . . . the order for relief," the starting point for those cases holding there can be no new time

8

period for filing objections in a converted case, pointing out that the deadline for Rule 4003(b) is not based on the date of the order for relief but on the conclusion of the meeting of creditors that follows that order.  313 B.R. at 320.

For the reasons set forth above in *Campbell* and *Hopkins*, we agree with the bankruptcy court that the Chapter 7 trustee can file objections to exemptions after the case is converted from a Chapter 13 one.  As the bankruptcy court also noted, this conclusion makes sense because a Chapter 7 trustee's duties include liquidating and distributing assets for the benefit of creditors, and the trustee cannot perform those duties without being able to challenge exemptions.  *See Hopkins, supra*, 317 B.R. at 732.

Debtors have also argued that to recognize the right of the Chapter 7 Trustee to challenge exemptions would conflict with section 522.  Section 522(b)(1) allows a debtor to claim exemptions, and if there are no objections "the property claimed as exempt . . . is exempt."  11 U.S.C. § 522(*l*).  Here, because the Chapter 13 Trustee did not object, the property become exempt from the estate, and Debtors argue that there is no mechanism to bring the property back into the estate.

We think this argument is met by 11 U.S.C. § 348(f)(1)(A) which provides, in relevant part, that:

> when a case under chapter 13 of this title is
> converted to a case under another chapter
> under this title--

>           (A) property of the estate in the converted
>           case shall consist of property of the estate,
>           as of the date of filing of the petition, that
>           remains in the possession of or is under the
>           control of the debtor on the date of
>           conversion; . . . .

This provision means that any exempted property is brought back into the estate, as long as it has remained in the possession of Debtors or under their control, and Debtors make no argument that they no longer possess or control the property at issue. *See Campbell, supra*, 313 B.R. at 321. Section 522 therefore does not defeat the Chapter 7 trustee's right to file objections. *But see In re Fonke*, 321 B.R. 199, 205-08 (Bankr. S.D. Tex. 2005).

We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: April 13, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
IN RE:
JUNIOUS J. WIGGINS and         : Bk. No. 1-02-05942
LULA MAE WIGGINS,
         Debtors               :


JUNIOUS L. WIGGINS, and        :
LULA MAE WIGGINS,
         Appellants            :

         vs.                   : CIVIL NO. 1:CV-05-2628

LAWRENCE G, FRANK, Esquire     :
Chapter 7 Trustee,
         Appellee              :
```

*O R D E R*

       AND NOW, this 13th day of April, 2006, it Ordered that the bankruptcy court order of March 28, 2005, is affirmed.

       /s/William W. Caldwell
       William W. Caldwell
       United States District Judge